IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIBERTARIAN PARTY OF PENNSYLVANIA, THE CONSTITUTION PARTY OF PENNSYLVANIA, AND GREEN PARTY OF PENNSYLVANIA, STEVE SCHEETZ, KEVIN GAUGHEN, ALAN SMITH, TIMOTHY RUNKLE, BOB GOODRICH, and JUSTIN MAGILL,<br><br>            Plaintiffs,<br><br>vs.<br><br>TOM WOLF, in his official capacity as Governor of the Commonwealth of Pennsylvania,<br>            and<br>KATHY BOOCKVAR, in her official capacity as Secretary of the Commonwealth of Pennsylvania,<br>            and<br>JONATHAN M. MARKS, in his official capacity as Deputy Secretary for Elections and Commissions,<br><br>            Defendants. | Case No. 5:20-cv-2299<br><br>Judge:<br>The Honorable Edward G. Smith |

**BRIEF IN SUPPORT OF MOTION TO INTERVENE**

AND NOW COMES the Pennsylvania Democratic Party ("PADEMS"), Potential Intervenor, by and through its counsel, Clifford B. Levine, Alex M. Lacey, and the law firm of Dentons Cohen & Grigsby P.C., and, pursuant to Local Rule 7.1, files a Brief in Support of its Motion to Intervene, stating as follows:

**FACTUAL BACKGROUND**

PADEMS is a "political party" under the Pennsylvania Election Code. 25 P.S. § 2831. As a "political party," registered Democrats may circulate "nomination petitions" for various

state, federal, and local offices to be placed on the Democratic primary ballot, the winners of which will appear as the Democratic candidate for those offices in the general election.

To appear on the Democratic primary ballot, a candidate must collect a certain number of signatures depending on the office.  25 P.S. §§ 2867, 2872.1.  For the 2020 Pennsylvania Primary Election, all Democratic primary candidates complied with the signature gathering requirement.

Under the Pennsylvania Election Code ("Election Code"), political bodies (as distinct from "political parties"), like Plaintiffs Libertarian Party of Pennsylvania, The Constitution Party of Pennsylvania, and Green Party of Pennsylvania, utilize "nomination papers" in order to place a candidate on the general election ballot.  25 P.S. § 2911.

The Election Code provides that , "the number of qualified electors of the State signing such nomination paper shall be at least equal to two per centum of the largest entire vote cast for any elected candidate in the State at large at the last preceding election at which State-wide candidates were voted for."  *Id.*  Under a 2018 court order, the number of signatures required for political bodies was reduced significantly.  *See The Constitution Party of Pennsylvania v. Aichele*, Case No. 5:12-cv-002726 (E. D. Pa. Feb. 01, 2018). Here, the Plaintiffs seek to eliminate the signature gathering requirement for political bodies for the 2020 General Election, despite the fact that political party candidates were required to comply with signature gathering requirements. In essence, the Plaintiffs seek the complete removal of any barriers by which candidates of political bodies can be placed on the ballot for the November, 2020 General Election, and be placed on equal footing with the candidates of the political parties who had to obtain a statutorily required number of signatures from electors and will have participated and prevailed in a Primary Election.

## PROCEDURAL BACKGROUND

On May 26, 2020, PADEMS received notice of a pending teleconference in this matter for May 27, 2020.  Accordingly, PADEMS seeks intervention in an expedited matter.  Rule 24 of the Federal Rules of Civil Procedure require an intervenor to attach its responsive pleading to a Motion to Intervene.  Because PADEMS received notice of a status conference set for May 27, 2020 on May 26, 2020, it has not yet prepared its responsive pleading.  At the same time, however, it will supplement its Motion at the earliest possible moment.

## LEGAL ARGUMENT

Rule 24 of the Federal Rules of Civil Procedure governs intervention by non-parties.  The Rule provides, in pertinent part, as follows:

    a.    <u>Intervention of Right.</u>  On a timely motion, the court must permit anyone to intervene who:

        ….

        2.    claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

    b.    <u>Permissive Intervention</u>

        1.    <u>In General</u>.  On timely motion, the court may permit anyone to intervene who:

        ….

        (b)    has a claim or defense that shares with the main action a common question of law or fact.

        ….

        3.    <u>Delay or Prejudice.</u>  In exercising its discretion, the court must consider whether the intervention will

> unduly delay or prejudice the adjudication of the
> original parties' rights.

Fed. R. Civ. P. 24.

The Third Circuit, applying Rule 24, has held that a party may intervene as of right if it can demonstrate: "(1) a sufficient interest in the litigation; (2) a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action; and (3) that its interest is not adequately represented by the existing parties to the litigation." *Pennsylvania v. President United States of America*, 888 F.3d 52, 57 (3d Cir. 2018).

PADEMS meets each of the requirements to intervene as of right. PADEMS, as a political party: (1) has an interest in any matter where the courts will alter the requirements of the Pennsylvania Election Code; (2) has that interest threatened where the proposed alterations lessen the burdens for other political entities while keeping the burdens level for PADEMS; and (3) no present Defendant to the dispute will see his or her relative burden under the Election Code so affected.

Each of the candidates nominated by a political party, such as the PADEMS will have undertaken a rigorous process to be placed on the ballot for the November, 2020 General Election. Each candidate had to submit a nomination petition with a statutorily designated number of registered voters from their district (or state in the case of statewide positions) to be placed on the ballot for the Primary Election. Each of those candidates will have had to prevail in the Primary Election to be eligible to be placed on the ballot for the November, 2020 General Election. With this court action, political bodies here seek to have their candidates placed on the ballot for the November, 2020 election -- and compete against the candidates for the political parties -- without having collected any signatures for nomination papers, without having run in a Primary Election and despite having the required signatures reduced only two years ago through

4

a consent order. This action could have major consequences to the outcomes of the various races in which the Plaintiffs seek to participate and unduly and unfairly burden not only the candidates of political parties, but the voters of such political parties who may be deprived of a fair and free election under the Pennsylvania Constitution.

Alternatively, PADEMS meets the requirements for permissive joinder, insofar as its claims and/or defenses will share common questions of law and/or fact with Plaintiff's case.

WHEREFORE, Movant Pennsylvania Democratic Party respectfully requests that this Honorable Court GRANT its Motion to Intervene and permit it to participate in this matter as an Intervenor.

    Respectfully submitted,

    DENTONS COHEN & GRIGSBY P.C.

    By:  /s/ Clifford B. Levine
          Clifford B. Levine
          Pa. Id. No. 33507
          Alex M. Lacey*
          Pa. Id. No. 313538

    625 Liberty Avenue
    Pittsburgh, PA  15222-3152
    (412) 297-4900

    On behalf of Pennsylvania Democratic Party, Intervenor

    *Pro Hac Vice forthcoming for this action.*

May 27, 2020

3352510.v1

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on this 27th day of May, 2020, a true and correct copy of the foregoing BRIEF IN SUPPORT OF MOTION TO INTERVENE was served, via electronic mail, on all known counsel of record on this date, as follows:

Drew Gray Miller, Esq.
Anderson & Labovitz, LLC
428 Forbes Ave., Suite 1901
Pittsburgh, PA 15219
dmiller@PaLawFirm.com

Oliver Hall
Center for Competitive Democracy
P.O. Box 21090
Washington, DC 20009
oliverhall@competitivedemocracy.org

Mark R. Brown
303 E. Broad Street
Columbus, OH 43215
mbrown@law.capital.edu

Counsel for Plaintiffs

DENTONS COHEN & GRIGSBY P.C.

By: /s/ Clifford B. Levine
Clifford B. Levine
Pa. Id. No. 33507
Alex M. Lacey
Pa. Id. No. 313538

625 Liberty Avenue
Pittsburgh, PA 15222-3152
(412) 297-4900

On behalf of Pennsylvania Democratic Party, Intervenor