# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIBERTARIAN PARTY OF PENNSYLVANIA, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No: 5:20-cv-2299 |
| TOM WOLF, in his official capacity as Governor of the Commonwealth of Pennsylvania, *et al.* | ) ) ) ) | Judge Smith |
| Defendants. | ) ) ) ) | |

## JOINT STIPULATED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiffs Libertarian Party of Pennsylvania, The Constitution Party of Pennsylvania, Green Party of Pennsylvania, Steve Scheetz, Kevin Gaughen, Alan Smith, Timothy Runkle, Bob Goodrich, and Justin Magill, and Defendants Governor Tom Wolf, Secretary of the Commonwealth of Pennsylvania Kathy Boockvar, and Deputy Secretary for Elections and Commissions Jonathan M. Marks hereby stipulate to the following:

1.      Plaintiff Libertarian Party of Pennsylvania ("LPPA") is a "Political Body" in Pennsylvania that seeks to qualify federal and state candidates for Pennsylvania's November 3, 2020 General Election ballot.

2.      Plaintiff Green Party of Pennsylvania ("GPPA) is a "Political Body" in Pennsylvania that seeks to qualify federal and state candidates for Pennsylvania's November 3, 2020 General Election ballot.

3.	Plaintiff The Constitution Party of Pennsylvania ("CPPA") is a "Political Body" in Pennsylvania that seeks to qualify federal and state candidates for Pennsylvania's November 3, 2020 General Election ballot.

4.	Plaintiff Steve Scheetz is a registered voter in Pennsylvania.

5.	Plaintiff Kevin Gaughen is a registered voter in Pennsylvania.

6.	Plaintiff Alan Smith is a registered voter in Pennsylvania.

7.	Plaintiff Timothy Runkle is a registered voter in Pennsylvania.

8.	Plaintiff Bob Goodrich is a registered voter in Pennsylvania.

9.	Plaintiff Justin Magill is a registered voter in Pennsylvania.

10.	Defendant, Governor Tom Wolf, is Governor of the Commonwealth of Pennsylvania.

11.	Under 35 Pa.C.S. § 7301(c), Governor Wolf possesses authority to declare a disaster emergency "upon finding that a disaster has occurred or that the occurrence or the threat of a disaster is imminent."

12.	Defendant, Kathy Boockvar is the Secretary of the Commonwealth of Pennsylvania.

13.	The Secretary of the Commonwealth of Pennsylvania possesses the authority, *inter alia,* "[t]o determine, in accordance with the provisions of this act, the forms of nomination petitions and papers, expense accounts and all other forms and records, the form of which he is required to determine under the provisions of this act," 25 P.S. § 2621(a), and "[t]o receive and determine, as hereinafter provided, the sufficiency of nomination petitions, certificates and papers of candidates for President of the United States, presidential electors, United States senators, representatives in Congress and all State offices, including senators, representatives and judges of

all courts of record, and delegates and alternate delegates to National Conventions and members of State committees." *Id.* § 2621(d).

14. Defendant, Jonathan Marks is the Deputy Secretary for Elections and Commissions for the Bureau of Commissions, Elections and Legislation.

15. Deputy Secretary Marks oversees the Commonwealth's electoral process, campaign finance, voter registration and office of notary public, commissions and legislation.

16. The Pennsylvania Democratic Party is a potential intervenor that filed a motion to intervene on May 27, 2020.

17. Pennsylvania classifies general-election candidates into three groups: (a) those affiliated with a "Political Party"; (b) those affiliated with a "Minor Political Party"; and (c) those affiliated with a "Political Body." *See* 25 P.S. § 2831(a), (c); 25 P.S. § 2872.2(a).

18. A statewide "Political Party" is "[a]ny party or political body, one of whose candidates at the general election next preceding the primary polled in each of at least ten counties of the State not less than two per centum of the largest entire vote cast in each of said counties for any elected candidate, and polled a total vote in the State equal to at least two per centum of the largest entire vote cast in the State for any elected candidate." *See* 25 P.S. § 2831(a).

19. A "Minor Political Party" is a "Political Party" whose statewide registration is less than fifteen percent of the combined statewide registration for all statewide political parties as of the close of registration for the most recent November election. *See* 25 P.S. § 2872.2(a).

20. There are no statewide "Minor Political Parties" qualified in Pennsylvania for the November 3, 2020 general election.

21. A "Political Party," other than a "Minor Political Party" as defined by 25 P.S. § 2872.2(a), selects its nominees by means of primary elections. *See* 25 P.S. § 2861(a).

22.     In order to be placed on that party's primary election ballot, candidates seeking the nomination of a "Political Party" must submit "nomination petitions" with a specified number of signatures gathered over a three week period from voters registered with that party . *See* 25 P.S. § 2867; 25 P.S. § 2872.1; 25 P.S. § 2868.

23.     "Political Bodies" are organizations that did not have a candidate who crossed the two-percent threshold in the last election. *See* 25 P.S. § 2831(c); *Constitution Party of Pennsylvania v. Cortes*, 824 F.3d 386, 390 (3d Cir. 2016).

24.     Candidates of a "Political Body" do not circulate nomination petitions or participate in primary elections. Rather, in order to appear on the general election ballot, candidates of a "Political Body" must circulate nomination papers and attain a requisite number of valid signatures. *See* 25 P.S. § 2911(a).

25.     Prior to 2016, the signature requirement for statewide "Political Body" candidates was "two per centum of the largest entire vote cast for any elected candidate in the State at large at the last preceding election at which State-wide candidates were voted for." *See* 25 P.S. § 2911(b).

26.     *The Constitution Party of Pennsylvania v. Cortes*, 824 F.3d 386 (3d Cir. 2016) held that the signature requirement of 25 P. S. § 2911(b) (pertaining to signature requirements based on a percentage of a vote cast in a previous election) as applied in combination with 25 P. S. § 2937 (pertaining to the payment of costs for objections to nomination petitions and nomination papers), was unconstitutional as applied to "political bodies."

27.     The Court's February 1, 2018 Order in *Constitution Party v. Aichele*, No. 12-2726, Doc. No. 115 (E.D. Pa. February 1, 2018), established new signature requirements for "Political Bodies."

28.     For the November 3, 2020 general election, the signature requirements applicable to "political body" candidates for the statewide offices on the ballot are:

President of the United States: 5,000

Treasurer: 2,500

Auditor General: 2,500

Attorney General: 2,500

*See Constitution Party v. Aichele,* Order of February 1, 2018 (Compl. (ECF No. 1), Ex. A) ¶ 1.

29.     The Court Order in *Constitution Party v. Aichele* further states that "[c]andidates for non-statewide offices shall present to the Secretary of the Commonwealth by August 1 nomination papers containing at least as many valid signatures of qualified electors of the state or the judicial district, as the case may be, as set forth by 25 P.S. § 2911(b)." *See id.* ¶ 2.

30.     The signature requirement set forth in 25 P.S. § 2911(b) for non-statewide offices is "two per centum of the largest entire vote cast for any officer, except a judge of a court of record, elected at the last preceding election in said electoral district for which said nomination papers are to be filed." *See* 25 P.S. 2911(b).

31.     The signature requirements for the November 3, 2020 general election for both statewide and non-statewide offices are available on the Pennsylvania Department of State website, attached hereto as Exhibit "A" and incorporated as if set forth fully herein.  Exhibit A consists of two different versions, i.e., the original version and the corrected version as it appeared on and after May 12, 2020.

32.     For the November 3, 2020 general election ballot, the signature requirements for "Political Body" candidates running for the United States House of Representatives range from 1,800 to 5,753, depending on the district.

33. For the November 3, 2020 general election ballot, the signature requirements for "Political Body" candidates running for the Pennsylvania State Senate range from 500 to 2,300, depending on the district.

34. For the November 3, 2020 general election ballot, the signature requirements for "Political Body" candidates running for the Pennsylvania State House range from 300 to 652, depending on the district.

35. The first day for "Political Body" candidates to circulate and file nomination papers was February 19, 2020. *See* 25 P.S. § 2913(b); Commonwealth of Pennsylvania Department of State Bureau of Elections and Notaries 2020 Pennsylvania Elections Important Dates to Remember,

https://www.dos.pa.gov/VotingElections/CandidatesCommittees/RunningforOffice/Documents/2020/2020%20important%20dates.pdf (last visited June 15, 2020).

36. The last day for "Political Body" candidates to circulate and file nomination papers is August 3, 2020. *See Constitution Party v. Aichele*, Order of February 1, 2018 (Compl. (ECF No. 1), Ex. A ¶ 1).

37. Pursuant to Act 77 of 2019, which became law on October 31, 2019, nomination papers need not be accompanied by a notarized affidavit. *See* 25 P.S. § 2911(d). Nomination papers must only be accompanied by a declaration setting forth "(2) the person's residence, giving city, borough or township with street and number, if any; (3) that the signers signed with full knowledge of the contents of the nomination paper; (4) that their respective residences are correctly stated therein; (5) that they all reside in the county named in the statement; (6) that each signed on the date set opposite his name; and (7) that, to the best of the person's knowledge and

belief, the signers are qualified electors of the State, or of the electoral district, as the case may be." *Id.*

38.     Nomination Papers for "Political Body" candidates may be signed by any registered voter (active or inactive) in the Commonwealth who is qualified to vote for such candidates.  *See* 25 P.S. § 2911(c).

39.     As of June 15, 2020, there are over 8.5 million registered voters in the Commonwealth of Pennsylvania.

40.     "More than one candidate may be nominated by one nomination paper and candidates for more than one office may be nominated by one nomination paper." *See* 25 P.S. § 2911(c).  For example, a "Political Body" may submit one set of nomination papers on behalf of all candidates and a signature in support of *any* statewide candidate therefore counts for *all* statewide candidates identified on the nomination papers.

41.     In or around December 2019, an outbreak of respiratory disease caused by a novel Coronavirus emerged in Wuhan, China. The respiratory disease caused by the novel Coronavirus, now known as "COVID-19," is an infectious disease that is easily spread from person to person and can result in serious illness and death.

42.     On March 6, 2020, Governor Wolf proclaimed the existence of a disaster emergency throughout the Commonwealth pursuant to 35 Pa. C.S. § 7301(c). *See* Proclamation of Disaster Emergency, https://www.governor.pa.gov/wp-content/uploads/2020/03/20200306-COVID19-Digital-Proclamation.pdf (last visited June 15, 2020).[1]

---

[1]  The government publications referenced herein are incorporated herein by reference.  Copies will be provided separately to the Court.

43.     On March 19, 2020, Governor Wolf issued an order entitled "Order of the Governor of the Commonwealth of Pennsylvania Regarding the Closure of All Businesses That Are Not Life Sustaining."

44.     On March 23, 2020, Governor Wolf issued a stay at home order effective until April 6, 2020, stating: "All individuals residing in Allegheny County, Bucks County, Chester County, Delaware County, Monroe County, Montgomery County, and Philadelphia County are ordered to stay at home except as needed to access, support, or provide life sustaining business, emergency, or government services...Individuals leaving their home or place of business to access, support, or provide life sustaining services for themselves, another person, or a pet must employ social distancing practices as defined by the Centers for Disease Control and Prevention. Individuals are permitted to engage in outdoor activities; however, gatherings of individuals outside of the home are generally prohibited except as may be required to access, support or provide life sustaining services."

45.     From March 23, 2020 through March 31, 2020, Gov. Wolf amended his Order several times to include additional counties and on April 1, 2020, Governor Wolf issued a statewide "stay at home order" effective until April 30, 2020.

46.     On April 22, 2020, Governor Wolf instituted a process to "reopen Pennsylvania" with a targeted May 8, 2020 start date. The reopening plan classified counties as being in a red phase, a yellow phase, or a green phase. *See* Process to Reopen Pennsylvania, https://www.governor.pa.gov/process-to-reopen-pennsylvania/ (last visited June 5, 2020).

47.     The red phase maintained the Governor's stay at home orders. *See* Process to Reopen Pennsylvania, https://www.governor.pa.gov/process-to-reopen-pennsylvania/ (last visited June 5, 2020).

48.     In the red phase, large gatherings were prohibited and "Only travel for Life-Sustaining Purposes Encouraged." *Id.*

49.     On May 8, 2020, the Governor lifted the stay at home order in 24 counties and moved them into the yellow phase. Specifically, he moved Bradford, Cameron, Centre, Clarion, Clearfield, Clinton, Crawford, Elk, Erie, Forest, Jefferson, Lawrence, Lycoming, McKean, Mercer, Montour, Northumberland, Potter, Snyder, Sullivan, Tioga, Union, Venango and Warren to the yellow phase. *See* Order of the Governor of the Commonwealth of Pennsylvania For Limited Opening of Businesses, Lifting of Stay at Home Requirements, and Continued Aggressive Mitigation Efforts, https://www.governor.pa.gov/wp-content/uploads/2020/05/20200507-TWW-Yellow-Phase-Order.pdf (last visited June 15, 2020).

50.     On May 15, 2020, the Governor lifted the stay at home order in an additional 13 counties by moving the counties of Allegheny, Armstrong, Bedford, Blair, Butler, Cambria, Fayette, Fulton, Greene, Indiana, Somerset, Washington and Westmoreland into the yellow phase of reopening. *See* Amendment to the Order of the Governor of the Commonwealth of Pennsylvania For Limited Opening of Businesses, Lifting of Stay at Home Requirements, and Continued Aggressive Mitigation Efforts, https://www.governor.pa.gov/wp-content/uploads/2020/05/20200514-TWW-amendment-to-yellow-phase-order.pdf (last visited June 15, 2020).

51.     On May 15, 2020, a total of 37 counties were in the yellow phase of reopening.

52.     On May 22, 2020, the Governor lifted the stay at home order in an additional 12 counties by moving the counties of Adams, Beaver, Carbon, Columbia, Cumberland, Juniata, Mifflin, Perry, Susquehanna, Wyoming, Wayne and York into the yellow phase of reopening. *See* Amendment to the Order of the Governor of the Commonwealth of Pennsylvania For

Limited Opening of Businesses, Lifting of Stay At Home Requirements, And Continued

Aggressive Mitigation Efforts, https://www.governor.pa.gov/wp-

content/uploads/2020/05/20200521-TWW-Yellow-Phase-Order-Amendment.pdf (last visited

June 15, 2020).

53.     On May 22, 2020, a total of 49 counties were in the yellow phase of reopening.

54.     On May 29, 2020, the Governor lifted the stay at home order in an additional 8

counties by moving the counties of Dauphin, Franklin, Huntingdon, Lebanon, Luzerne, Monroe,

Pike and Schuylkill into the yellow phase of reopening. *See* Amendment to the Order of the

Governor of the Commonwealth of Pennsylvania For Limited Opening of Businesses, Lifting of

Stay At Home Requirements, And Continued Aggressive Mitigation Efforts,

https://www.governor.pa.gov/wp-content/uploads/2020/05/20200528-TWW-yellow-phase-

order-amendment.pdf (last visited June 15, 2020).

55.     On June 5, 2020, the stay at home order was lifted in all remaining counties as ten

additional counties moved to the yellow phase. *See* Amendment to the Order of the Governor of

the Commonwealth of Pennsylvania For Limited Opening of Businesses, Lifting of Stay At

Home Requirements, And Continued Aggressive Mitigation Efforts,

https://www.governor.pa.gov/wp-content/uploads/2020/06/20200604-TWW-amendment-to-

yellow-phase-order.pdf (last visited June 15, 2020).

56.      On May 29, 2020, Gov. Wolf moved 18 counties into the green phase: Bradford,

Cameron, Centre, Clarion, Clearfield, Crawford, Elk, Forest, Jefferson, Lawrence, McKean,

Montour, Potter, Snyder, Sullivan, Tioga, Venango and Warren. *See* Order of the Governor of

the Commonwealth of Pennsylvania For the Continued Reopening of the Commonwealth,

https://www.governor.pa.gov/wp-content/uploads/2020/05/20200527-TWW-green-phase-order.pdf (last visited June 15, 2020).

57.     On May 29, 2020, a total of 18 counties were in the green phase of reopening and 39 counties were in the yellow phase of reopening.

58.     On June 5, 2020, Governor Wolf moved 16 additional counties into the green phase: Allegheny, Armstrong, Bedford, Blair, Butler, Cambria, Clinton, Fayette, Fulton, Greene, Indiana, Lycoming, Mercer, Somerset, Washington, and Westmoreland. *See* Order of the Governor of the Commonwealth of Pennsylvania For the Continued Reopening of the Commonwealth, https://www.governor.pa.gov/wp-content/uploads/2020/06/20200604-TWW-amendment-to-green-phase-order.pdf (last visited June 15, 2020).

59.     By June 5, 2020, the stay at home order had been lifted in all counties, with 34 in the green phase and 33 in the yellow phase.

60.     On June 12, 2020, Governor Wolf moved 12 additional counties into the green phase: Adams, Beaver, Carbon, Columbia, Cumberland, Juniata, Mifflin, Northumberland, Union, Wayne, Wyoming, and York. *See* Order of the Governor of the Commonwealth of Pennsylvania For the Continued Reopening of the Commonwealth, https://www.governor.pa.gov/wp-content/uploads/2020/06/20200611-TWW-amendment-to-green-phase-order.pdf (last visited June 12, 2020).

61.     On June 12, 2020, a total of 46 counties were in the green phase and 21 were in the yellow phase.

62.     On June 19, 2020, Governor Wolf moved 8 additional counties into the green phase: Dauphin, Franklin, Huntingdon, Luzerne, Monroe, Perry, Pike, and Schuylkill. *See* Gov. Wolf: Eight More Counties Going Green on June 19,

https://www.governor.pa.gov/newsroom/gov-wolf-eight-more-counties-going-green-on-june-19/ (last visited June 17, 2020).

63.     On June 19, 2020, a total of 54 of the 67 counties in Pennsylvania are in the green phase.

64.     Governor Wolf has established a website to provide guidance for businesses that operate during the COVID-19 pandemic, *available at* https://www.governor.pa.gov/covid-19/business-guidance/ (accessed June 23, 2020). The guidance was first issued on May 4, 2020 and at present was last updated on June 1, 2020. The contents of this website is incorporated herein by reference.

65.     In the 2018 General Election, Governor Wolf was the largest statewide vote recipient with 2,895,652.

66.     The Election Code, prior to the 2018 Consent Order, set the required number of signatures for statewide political body candidates at two percent of the largest entire vote case for any elected statewide non-judicial candidate. 25 P.S. § 2911.

67.     But for the 2018 Consent Order, Plaintiffs would otherwise need to collect at least 57,913 valid signatures in order to have their statewide candidates appear on the 2020 General Election ballot.

Respectfully submitted,


/s/ Drew Miller

Drew Gray Miller, Esq.
Anderson & Labovitz, LLC
428 Forbes Ave., Suite 1901
Pittsburgh, PA 15219
412-209-3202
dmiller@PaLawFirm.com
Attorney for Plaintiffs

Oliver Hall
Center for Competitive Democracy
P.O. Box 21090
Washington, DC 20009
202-248-9294
oliverhall@competitivedemocracy.org
Attorney for Plaintiffs
Application for admission pro hac vice pending




Mark R. Brown
303 E. Broad Street
Columbus, OH 43215
Attorney for Plaintiffs
Application for admission pro hac vice pending

/s/ Daniel T. Brier

Daniel T. Brier
Donna A. Walsh
Richard L. Armezzani
Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
570-342-6100

Attorneys for Defendants, Governor
Tom Wolf, Secretary of the Commonwealth
of PA Kathy Boockvar and Deputy Secretary
for Elections and Commissions Jonathan M.
Marks




/s/ Clifford B. Levine

Clifford B. Levine
625 Liberty Avenue
Pittsburgh, PA 15222
Attorney for Intervenor,
Pennsylvania Democratic Party