UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**LIBERTARIAN PARTY OF PENNSYLVANIA, et al.,**

**Plaintiffs,**

v.                                                                  Case No. 5:20-cv-2299

**TOM WOLF, in his official capacity as Governor
of Pennsylvania, et al.,**

**Defendants.**

## PLAINTIFFS' MOTION FOR STAY AND INJUNCTION PENDING APPEAL

Plaintiffs respectfully request under Federal Rule of Civil Procedure 62(c) that this Court stay its denial of preliminary relief, entered on July 14, 2020, see Docs. No. 57 & 58, and grant Plaintiffs an injunction pending appeal. Plaintiffs hereby state that they will no later than July 16, 2020 file an appeal from this Court's denial of preliminary relief to the United States Court of Appeals for the Third Circuit and seek this same relief should this Court deny Plaintiffs' motion for stay and emergency relief.

The deadline for collecting a sufficient number of signatures is August 3, 2020.  Plaintiffs' likelihood of meeting that deadline is small, meaning that the candidates of the Libertarian Party, Green Party and Constitution Party, including their presidential tickets, are not likely to appear on Pennsylvania's ballot without relief.  Should this Court choose not to place the Plaintiffs' candidates on Pennsylvania's ballot, Plaintiffs respectfully request that the Court enjoin the deadline and Pennsylvania's in-person signature requirement so that Plaintiffs have a reasonable chance of collecting a significant number of signatures;  and reduce the signature requirement, as has been done in other jurisdictions.

Plaintiffs certify that they, through counsel, contacted counsel for Defendants and Intervenor to inquire whether they oppose either the stay or the emergency relief sought in this Motion. Defendants and Intervenor, through counsel, have all stated that they object to the relief sought in this Motion. In support of this Motion, Plaintiffs submit the following Memorandum of Law.

Respectfully submitted,

*s/ Drew Gray Miller*

Drew Gray Miller, Esq. PA ID: 207830
Anderson & Labovitz, LLC
428 Forbes Ave., Suite 1901
Pittsburgh, PA 15219
Mobile: 412-760-3286
Fax: 412-291-1001
dmiller@PaLawFirm.com

Oliver B. Hall
CENTER FOR COMPETITIVE DEMOCRACY
P.O. Box 21090
Washington, D.C. 20009
(202) 248-9294
oliverhall@competitivedemocracy.org

Mark R. Brown
303 East Broad Street
Columbus, OH 43215
(614) 236-6590
(614) 236-6956 (fax)
mbrown@law.capital.edu

*Attorneys for Plaintiffs*

## MEMORANDUM OF LAW

**I. Plaintiffs' Appeal is Proper and Timely.**

This Court's Order denying preliminary relief was entered on July 14, 2020. Plaintiffs will file their timely notice of appeal no later than July 16, 2020.

**II. Plaintiffs Must First Seek A Stay and Emergency Relief From this Court.**

Federal Rule of Civil Procedure 62(c) states: "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."

Federal Rule of Appellate Procedure 8(a) states:

A party must ordinarily move first in the district court for the following relief:

(A) a stay of the judgment or order of a district court pending appeal;

(B) approval of a supersedeas bond; or

(C) an order suspending, modifying, restoring or granting an injunction while an appeal is pending.

In order for Plaintiffs to properly seek a stay and emergency injunctive relief pending their appeal in the United States Court of Appeals for the Third Circuit under Rule 8(a), Plaintiffs must first request that same relief from this Court under Rule 62(c). Therefore, even though this Court has already denied emergency relief to Plaintiffs, Plaintiffs request a stay of that decision and an injunction pending appeal that places their candidates' names on the ballot, or reduces the signature requirement, and enjoins the Pennsylvania deadline of August 3, 2020 and Pennsylvania's in-person signature collection requirement in order to provide Plaintiffs a reasonable opportunity to qualify for the Pennsylvania ballot.

3

**III. Emergency Relief Pending Appeal is Warranted.**

Plaintiffs incorporate their initial motion for preliminary injunctive relief in support of this Motion.  In order to win preliminary injunctive relief, Plaintiffs must demonstrate that: 1) they have a likelihood of success on the merits; 2) they will suffer irreparable harm if the injunction is denied; 3) granting the injunction will not result in even greater harm to the Commonwealth; and 4) the public interest favors such relief. *See NAACP of Pennsylvania v. Cortes*, 591 F. Supp. 2d 757, 763 (E.D. Pa. 2008) (citing *Child Evangelism Fellowship of New Jersey, Inc. v. Stafford Township Sch. Dist.*, 386 F.3d 514, 524 (3rd Cir. 2004)). These same four factors are balanced by the District Court when deciding whether to issue a stay and emergency injunction pending appeal. *See* 1 S. Gensler, Federal Rules of Civil Procedure: Rules and Commentary 1211 (West 2014).

Since the issuing of the Order on July 14, 2020, two new events have occurred that further support the aforesaid four factors that Plaintiffs should be granted relief.  In particular, Governor Wolf issued a new Executive Order placing new restrictions on Pennsylvania businesses and citizens.  Additionally, on July 15, 2020, the United States District Court for the Eastern District of Virginia, in a similar case to this one, granted relief to the Plaintiffs, see July 15, 2020 Opinion, *The Constitution Party of Virginia, et al. v. Virginia State Board of Elections, et al.*, No. 3:20-dv-349, attached hereto.

On July 16, 2020, Governor Wolf issued an Executive Order, in response to the rising COVID-19 cases across that state, which effectively rolls back his "reopening" of Pennsylvania. The Order notes that "while the Commonwealth's mitigation efforts to date have helped curtail the spread of COVID-19 without overwhelming medical resources, the number of positive cases

continues to rise."  Among other things, the Order requires all businesses to conduct their operations remotely, if possible;  all bars are prohibited from conducting operations unless they offer sit-down, dine-in meals or take-out sales of alcoholic beverages; occupancy is limited to just 25% of stated fire code maximum occupancy for indoor dining; indoor events and gatherings of more than 25 persons are prohibited; all nightclubs are prohibited from conducting operations; and per the  Governor's Order, "All Commonwealth agencies involved in the licensing or inspection of any of the above-described facilities are *directed to increase their enforcement efforts* to ensure compliance with these critical mitigation measures.  *All local officials currently involved or able to be involved in the Commonwealth's enforcement efforts are called upon to enforce these critical mitigation measures*" (*emphasis added*) (See *Order of the Governor of the Commonwealth of Pennsylvania Directing Targeted Mitigation Measures*, https://www.governor.pa.gov/wp-content/uploads/2020/07/20200715-TWW-targeted-mitigation-order.pdf).

In *Constitution Party of Virginia v Virginia State Board of Elections*, No. 3:20cv-349, Doc. No. 51, at PAGEID # 891 (E.D. Va., July 15, 2020), a similar case to this one, the Court granted relief to the Plaintiffs – the Constitution Party of Virginia, Libertarian Party of Virginia, Green Party of Virginia, and Independent Green Party of Virginia, their candidates seeking to appear on the November 2020 general election ballot, and some of the parties' members – in the form of a reduction in signature requirements.  The parties claimed that the combination of outbreak of Coronavirus Disease 2019 (COVID-19) and Governor Ralph Northam's response to the outbreak have made it impossible for them to satisfy the signature requirements.  The Court agreed and "conclude[d] that Virginia's signature requirements impose a substantial burden on the plaintiffs' First and Fourteenth Amendment rights as applied to this election cycle," and

therefore extended the signature collection deadline to August 1, 2020, reduced the number of signatures needed for U.S. House and Senate candidates to 35% of previous levels, and reduced the number of signatures needed for President by 50%.  Id. at PAGEID # 892.  The Plaintiffs in *Constitution Party of Virginia* were able to collect signatures beginning January 1st – that is, Plaintiffs had three full months to collect signatures until Governor Northam issued his stay-at-home order on March 31, 2020 Id. at PAGEID # 893; 895.  Furthermore, the defendants in *Constitution Party of Virginia* recognized that the "existing requirements – in the current environment – make it almost impossible for the plaintiffs to get on the ballot" and at trial, defendants even "proposed more narrow means by which they [could] protect [the State's] interests."  Here, Governor Wolf and the Defendants have not responded to the Plaintiff's repeated requests for relief and furthermore, unlike some of the cases cited in this Court's July 14, 2020 Order (i.e. *Thompson v. Dewine*, 959 F.3d 804 (6th Cir. 2020); *Common Sense v. Padilla*, 2:20-cv-1091-MCE-EFB, 2020 WL 3491041, (E.D. Cal. June 26, 2020) and *Libertarian Party of Connecticut v. Merrill*, No. 3:20-cv-467 (JCH), 2020 WL 3526922), where the respective Governors specifically provided exceptions for petitioning or guidance for petitioners, Governor Wolf never did – and still has not – provided any exceptions for petitioning or guidance for petitioners.  Accordingly, granting Plaintiffs' motion would be proper.

      Should the Court grant Plaintiffs' motion, Plaintiffs respectfully request that no security be required. "[T]he court may dispense with security altogether if grant of the injunction carries no risk of monetary loss to the defendant." *See Elliott v. Kiesewetter,* 98 F.3d 47, 60 (3d Cir.1996); *Temple Univ. v. White,* 941 F.2d 201, 219 n. 26 (3d Cir.1991)).

## CONCLUSION

Plaintiffs' Motion for a Stay and Emergency Injunction should be granted.

Respectfully submitted,

*s/ Drew Gray Miller*

Drew Gray Miller, Esq. PA ID: 207830
Anderson & Labovitz, LLC
428 Forbes Ave., Suite 1901
Pittsburgh, PA 15219
Mobile: 412-760-3286
Fax: 412-291-1001
dmiller@PaLawFirm.com

| | |
|---|---|
| Oliver B. Hall<br>CENTER FOR COMPETITIVE DEMOCRACY<br>P.O. Box 21090<br>Washington, D.C. 20009<br>(202) 248-9294<br>oliverhall@competitivedemocracy.org | Mark R. Brown<br>303 East Broad Street<br>Columbus, OH 43215<br>(614) 236-6590<br>(614) 236-6956 (fax)<br>mbrown@law.capital.edu |

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed through the Court's CM/ECF system, which will effect service upon all counsel of record.

*/s/Drew Miller*
Drew Miller