IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIBERTARIAN PARTY OF PENNSYLVANIA; THE CONSTITUTION PARTY OF PENNSYLVANIA; GREEN PARTY OF PENNSYLVANIA; STEVE SCHEETZ; KEVIN GAUGHEN; ALAN SMITH; TIMOTHY RUNKLE; BOB GOODRICH: and JUSTIN MAGILL, | |
| Plaintiffs, | |
| v. | NO. 20-CV-02299 |
| TOM WOLF, in his official capacity of Governor of the Commonwealth of Pennsylvania; KATHY BOOCKVAR, in her official capacity as Secretary of the Commonwealth of Pennsylvania; and JONATHAN M. MARKS, in his official capacity as Deputy Secretary for Elections and Commissions, | JUDGE SMITH  ELECTRONICALLY FILED |
| Defendants. | |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
MOTION TO STAY AND INJUNCTION PENDING APPEAL**

Defendants Governor Tom Wolf, Secretary of the Commonwealth of Pennsylvania Kathy Boockvar and Deputy Secretary for Elections and Commissions Jonathan M. Marks, by and through their undersigned counsel, hereby file this Memorandum of Law in Opposition to Plaintiffs' Motion for Stay and Injunction Pending Appeal.

Federal Rule of Civil Procedure 62(d) states that, "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." In determining whether to grant an injunction pending appeal, courts consider four factors: (1) whether the movant has made a strong showing that he is likely to succeed on the merits; (2) whether the movant will suffer irreparable absent an injunction; (3) whether an injunction will harm other parties interested in the proceeding; and (4) the public interest. *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987). The party seeking such relief, however, bears a very high burden of persuasion. *F.T.C. v. Equitable Res., Inc.,* No. 07–490, 2007 WL 1500046, at *1 (W.D. Pa. May 21, 2007).

Plaintiffs have failed to meet the high burden to disturb this Court's July 14, 2020 Memorandum Opinion. Indeed, the sole "new events" cited by Plaintiffs are an executive order issued by Governor Wolf that did not impose stay-at-home restrictions and a non-binding opinion from the Eastern District of Virginia concerning the Virginia Election Code. (Pl.'s Br. in Supp. (ECF 61) at 4-6.) Neither circumstance diminishes or in any way undermines the sound reasoning and holding of this Court. Plaintiffs have again failed to demonstrate a likelihood of success on the merits of their claims, that they will be irreparably harmed absent

an injunction or that an injunction favors the public interest. Nor are these "new events" sufficient to disturb the *status quo* as the Third Circuit decides the merits of Plaintiffs' appeal on an expedited[1] basis. *See, e.g., Friends of Animals v. Caldwell*, No. 09-5349, 2010 WL 4723393, at *2 (E.D. Pa. Nov. 22, 2010) (denying motion for injunction pending appeal "[g]iven the lack of any new facts or change in controlling law, and for the same reasons set forth in our October 27, 2010, Memorandum Opinion"); *Sanofi–Aventis U.S. LLC v. Sandoz, Inc.,* No. 07–2762, 2009 WL 1968900, at * 2 (D.N.J. July 1, 2009) (denying motion for injunction pending appeal where the arguments in support of a motion were exactly the same arguments previously rejected). And, finally, to the extent Plaintiffs are seeking a different mandatory injunction that "reduces the signature requirement, and enjoins the Pennsylvania deadline of August 3, 2020 and Pennsylvania's in-person signature collection requirement," (Br. in Supp of Mot. for Stay at 3), they did not seek this relief in their Complaint or motion for preliminary injunction and have not made the required strict showing to justify such extraordinary relief pending appeal from the denial of their motion for preliminary injunction.

---

[1] By Order dated July 20, 2020, the U.S. Court of Appeals for the Third Circuit granted Plaintiffs' request for expedited consideration and set an expedited briefing schedule on Plaintiffs' appeal and the separate motion for stay which Plaintiffs filed in the Third Circuit. A copy of the Order is attached as Exhibit "A."

For the reasons set forth above, the Court should deny Plaintiffs' Motion for Stay and Injunction Pending Appeal.

                              Respectfully submitted,

                              /s/ Daniel T. Brier
                              Daniel T. Brier
                              Donna A. Walsh
                              Richard L. Armezzani

                              Attorneys for Defendants, Governor Tom Wolf, Secretary of the Commonwealth of Pennsylvania Kathy Boockvar and Deputy Secretary for Elections and Commissions Johnathan M. Marks

Myers Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
(570) 342-6100

Date:  July 22, 2020

# **CERTIFICATE OF SERVICE**

I, Daniel T. Brier, hereby certify that a true and correct copy of the foregoing Memorandum of Law in Opposition to Motion To Stay Injunction Pending Appeal was served upon the following counsel of record via the Court's ECF system, on this 22nd day of July 2020:

>Drew Gray Miller, Esquire
>Anderson & Labovitz, LLC
>428 Forbes Avenue, Suite 1901
>Pittsburgh, PA  15219
>
>Mark R. Brown, Esquire
>303 E. Broad Street
>Columbus, OH  43215
>
>Oliver B. Hall, Esquire
>Center for Competitive Democracy
>P.O. Box 21090
>Washington, DC  20009
>
>Clifford B. Levin, Esquire
>Alex M. Lacey, Esquire
>Dentons Cohen & Grigsby P.C.
>625 Liberty Avenue
>Pittsburgh, PA 15222-3152

>>/s/ Daniel T. Brier
>>Daniel T. Brier